We move to our sixth and final argument of the morning, United States v. Yang, Appeal No. 21-1059. Again, Mr. Mohabit, good morning. Good morning. May it please the Court, my name is Amir Mohabit. I'm appearing for the appellant, Ya Yang. Your Honors, I don't know if Mr. Yang can see us, but as a matter of an abundance of caution, I just wanted to say for the record that in case he can, the reason I'm wearing the sticker of the party he's at odds with in his appeal is not because I'm secretly siding with the government, it's because this is the sticker that the clerk's office gave to everybody in the courtroom upon showing proper vaccination status. So I just want to put that out there. Substantively, Your Honors, Mr. Yang filed his notice of appeal, and subsequently I was appointed. And when I was reviewing the record, my eyebrows were raised, and I think yours may also have been for some of the same reasons, so I'll acknowledge that. Mr. Yang pled guilty, is in criminal history category six, which is the most severe that there is, and he received almost a 50% downward departure from the low end of what the court calculated to be the guideline range sentence. And the question becomes, well, shouldn't a person in that situation just leave it alone and be happy with what he got and move on? That's a good question. And that's why I bring it up, Your Honor. And the answer is no, at least not in this where Yang is looking for it to have happened here. Upon remand, the thinking is, if the district court found the offense level to be 17 with a guideline range of 51 to 63 months, and impose a sentence of 30 months, then on remand, if the offense level is to be found at 12... Why, though? I get a sense that on remand, all you're asking for is the district judge to mark the recording with an exhibit sticker. Well, Your Honor, the court would have to do an analysis. See, it's not just the sentence itself that's important. It's the journey also that is important. Now, the district court had said on the record that it did not want to make... I believe the word he used was fetish. He did not want to make a fetish out of the relevant conduct drug weight. Now, my understanding is the word fetish was used out of context. I think there has to be a sexual undercurrent for that term to apply. I think what the court was saying is perhaps the drug weight for relevant conduct is not all that important. But I think it is. And many pages were spent in discussing that. Ultimately, the district court, it had a difficult job to do. In the height of a pandemic, in both the change of plea and the sentencing brought together, and some of the evidence was in a language other than English. The court had a difficult job to do. I acknowledge it. But it is not immune from the review of this court for clear error. The court based its calculation on getting to the offense level 17 on a call that this court does not have the benefit of reviewing. Yes, we do. Are you referring to the transcript, Your Honor? No. We have the call. We were all able to listen to it. Your Honor, may I ask what was the docket entry of that call? Why does there have to be a docket entry? I'm just totally confused on the argument here. This happens all the time at sentencing. You had it, right? Your client had it. The government had it. The district judge had it. These things aren't marked as exhibits at sentencing and made part of the record to be sent to the Court of Appeals. If we need it, we can get it. And we got it. Your Honor, part of the issue, though, is it was not made publicly available the way docket entries are on PACER, on the ECF system. What law supports that argument? Your Honor, I've cited to the closest cases I can find, and also in trying to pick apart the main case of the government. It may be because there are no cases to support it. There is nothing directly on point. That's part of what I was saying in both the appellant's brief and the reply brief. The closest I think we can come to this is Seventh Circuit Pattern Jury Instruction 3.14, which references how it's not the transcripts that govern. It's what you actually hear. I acknowledge that the sentencing standard is different from the trial standard. But both ways, we have a finder of fact here, and that would be the So is the argument that the reversible error occurred here by virtue of the audio portion of the recording not being posted on the public docket as distinct from this, as distinct from my client, the defendant here, has no idea what recording you're talking about and has never heard it? My understanding is Mr. Yang has heard it. And heard it in advance of sentencing, right? Not heard it in preparation for the argument here this morning on appeal. Well, his district court attorney heard it before sentencing. I'm presuming in my conversations with Mr. Yang, he had heard it before that hearing also. So if you had to just distill down, there was a legal error committed here in your view in the district court. What exactly was the legal error? The offense level calculation in accounting for the ounce of methamphetamine for relevant conduct was concluded upon based on a call that is not made of record the way that I defined it is also being publicly available. Transparently. Okay. Thank you. Are there any other questions? Not at this time. You have some rebuttal time if you want. Okay. Very well. Schlipper, good morning. May it please the court. My name is Diane Schlipper and I represent the United States in this case and did so below. Regardless of whether it was played at the sentencing hearing, the recording was in the response to the PSR alongside with another transcript docketed as exhibit 270, 270-1 and 270-2 I believe was the actual recording. And while not part of the record, the ECF system, as far as I know, is not equipped to handle audio recordings on the docket. So it's identified by the docket number. The government provided this to the district court, provided it to the defense attorney and the defense attorney actually acknowledged in docket 271 in one of his responses to the district court that both he and his defendant listened to the recording in preparation for sentencing and the district court listened to it at least twice. And all of this evidence, as the court just explained, is available for review. And so the record is not deficient. And just very briefly, I will, for support, point to two of the cases that actually the defense attorney cited to in his brief to suggest that the record is not deficient. First, United States v. Charles. It's an 11th Circuit case and I should back up and say both of these cases involve a court reporter not transcribing audio recordings during the trial. And so the transcript after the trial was deficient but the court of appeals were able to actually listen to the actual recordings. And so the 11th Circuit in United States v. Charles determined that the right to a new trial based on deficiency of the record is premised on the district court's ability to reconstruct the record. A reconstructed record, even if not identical to the original transcript, provides the appellant with sufficient due process. And this court in United States v. Craig in 1977, this court held that since the recording and similarly the court reporter did not transcribe it, that was played to the jury were part of the record on appeal. And so the appellate court had actually the most accurate record in being able to listen to the recording. And so the lack of transcription there does not impede the review of the proceedings below. And so I realize those are trial courts, but even I would think the standards would be more stringent there. And here, as Your Honor pointed out, it happens all the time. The government and defense provide evidence to the courts and they can certainly rely on it if reliability is not in question. There's nothing to suggest the reliability was in question here. And so if Your Honors have no questions, I would rely on my brief and request that the judgment of the district court be affirmed. Okay, hearing none, thank you. Good morning again, very briefly in rebuttal. I want to just give that road map where the appellant would want this to go ideally upon a remand, that upon a further analysis, if the district court were to conclude after rehearing the audio in question, that the appropriate guideline range is 30 to 37 months, it would similarly depart downward to perhaps a year and a day or 15 months, whatever the proportional equivalent is from 51 months down to 30. Are there any questions? No, hearing none, thanks to both counsel. Mr. Hobbit, thank you for taking the case on appointment, for your service to the client and to the court. Hearing the case will be taken under advisement. Thank you.